STATE *v.* ELLISON & *a.*

An indictment for burglary and the larceny of certain articles " of the goods and chattels of A & B" is not sustained, if the articles, all in the possession of A, belonged some to A and some to B.

INDICTMENT, under Gen. St., *c.* 261, *s.* 4, alleging the breaking and entering the house of A, and the larceny of certain pieces of coin and jewelry, as the property of A and B.

A and B were husband and wife. B, at the time of the entry, was absent on a visit. The property stolen belonged to A and B in severalty. It was kept in a small box, made by A, in which was kept his own and B's papers and keepsakes, both having equal access to it.

When B left for her visit she locked the box, put the key under it, told her husband where it was, and left the box and contents on the desk where it had been kept, in the custody of her husband.

Motion that the court direct a verdict of acquittal: motion denied, and the respondents excepted. Verdict of guilty, and motion for a new trial : motion denied, and the respondents excepted.

*J. H. Hobbs* and *Wentworth,* for the respondents.

*Carter,* solicitor, for the state.

STANLEY, J. The allegation was of a joint ownership. The proof was of ownership in severalty. The question of ownership was material, and the state were bound to prove it as alleged. But it is claimed, that, if the general property was in A and B in severalty, each had the possession of and a special property in the chattels of the other. However this might be in some cases, there was here no evidence to support such a claim. The only evidence tending in that direction was, that both A and B had equal access to the box in which the articles of property stolen were kept. This at most was only evidence of a bare possession, with no general or special property in the chattels to sustain it; but the evidence also proved that B, at the time of the larceny, was absent on a visit, having left the custody of the box with A. She had not then even the bare possession of the chattels of A.

*Exceptions sustained.*

BINGHAM, J., did not sit.